**Marcelo ESPINOSA, Petitioner–Appellant,**

v.

**WARDEN, UNITED STATES PENITENTIARY POLLOCK, Respondent–Appellee.**

No. 04–30367.

Conference Calendar.

United States Court of Appeals, Fifth Circuit.

Decided Aug. 17, 2004.

Marcelo Espinosa, Pollock, LA, pro se.

Before HIGGINBOTHAM, DAVIS, and PICKERING, Circuit Judges.

PER CURIAM: *

Marcelo Espinosa, federal prisoner # 16482–018, appeals the district court's order denying and dismissing with prejudice his application for writ of habeas corpus. Espinosa argues that the district court erred in finding that he did not satisfy the requirements for filing a 28 U.S.C. § 2241 application under 28 U.S.C. § 2255's "savings clause." Espinosa argues that because he was charged with a violation of 18 U.S.C. § 2(b), he was convicted of a non-existent offense; that the jury must determine the drug quantity used for sentencing; that he was subject to a maximum sentence of only 20 years of imprisonment; and that he is actually innocent of the career offender enhancement of U.S.S.G. § 4B1.1. He asserts that he should be allowed to raise his claims via a § 2241 application and requests that this court reconsider its holding in *Reyes–Requena v. United States*, 243 F.3d 893 (5th Cir.2001).

Espinosa has not met his burden of showing that he meets the requirements for filing a 28 U.S.C. § 2241 application under the savings clause of 28 U.S.C. § 2255. He has not pointed to a retroactively applicable Supreme Court decision which establishes that he may have been imprisoned for conduct that was not pro-

the limited circumstances set forth in 5TH CIR. R. 47.5.4.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

**436**

hibited by law. Nor has he shown that his claim was foreclosed by circuit law at the time of his guilty-plea conviction, appeal, or first § 2255 motion. *See Reyes–Requena,* 243 F.3d at 903–04.

AFFIRMED.